Please proceed Counselor. Thank you Your Honor. My name is Carl Aguilar and I'm representing Mr. Aguilar. I'm going to try to save two minutes for rebuttal if I can. Alright. I don't think it can be realistically disputed that Mr. Aguilar was denied one of the most fundamental rights our Constitution provides. That's the right to an impartial jury untainted by outside influence. It goes far beyond the facts I think of Godoy and Tarango, which we know too, Your Honor. First, he got a juror who appears to have lied about being associated with a rival gang whose gang member was murdered. Second and worst, he gets a juror with a similar past association. And on top of that, she asked her ex-gang member boyfriend during the deliberations for advice on how to vote. Does he have a question of procedural law? We do, Your Honor, and I was actually going to move on to that because I think that's the only way really that the government can even, or the state, can even arguably prevail here. And I don't think it does because the procedural bar doesn't work for it. What the state court of appeals relied on here was what's called the Dixon bar after the case of Henry Dixon. And the basic problem with the government's argument is it fails to recognize the difference between two procedural bars, that bar and a bar that's traditionally called the contemporaneous objection bar. What the Dixon bar, bars, I can repeat the word too much, is the failure to raise an issue on direct appeal when, and I quote from Dixon, it could have been raised upon a timely appeal. Or as put alternatively in the Seton case, which was also discussed in the briefs, it's an issue that was, quote, fully cognizable on appeal insofar as it was preserved at trial, unquote. What the state gets wrong here or fails to recognize is the effect of the other procedural bar I mentioned, the contemporaneous objection bar. That bar meant this wasn't an issue that could be raised. California, like many jurisdictions, has a rule that you cannot raise an issue on appeal if it wasn't preserved by a contemporaneous objection below. Without a contemporaneous objection, if I could track the language of Seton, the issue is not, quote, the converse of the language in Dixon, without a contemporaneous objection, an issue could not have been raised upon a timely appeal. Look also, your honors, please, at the Rogers case that I cited, page 37 of Appellate's opening brief. It says the following. A defendant, quote, is precluded from raising an issue on appeal by his failure to preserve the point by appropriate objection in the trial court. So the Dixon bar doesn't apply here. It doesn't apply because the contemporaneous objection bar prevented the issue from being raised on appeal. It wasn't, in the words of Dixon, an issue that could have been raised on a timely appeal. Now, are you relying on ineffective assistance of counsel by the appellate counsel or by the trial counsel? The trial counsel, but that's a backup argument, your honor, because I don't think you need to get there. You could only, the only procedural bar the state can rely on is the bar that was cited in the last reasoned decision, and that's the Dixon bar. And the Dixon bar doesn't apply here because a contemporaneous objection wasn't made. Now, why that, one of our backup arguments is the contemporaneous objection not being made is ineffective assistance of counsel. But counsel, if the state court said it's barred by Dixon, how do we go behind that and second-guess the ruling of the state court? That's why I'm having difficulty with your argument because we don't get to make these state court rulings. If the state court said it's barred by Dixon, then why aren't we bound by that ruling? Well, you're not bound by the ruling. You're bound by the state law on what a Dixon bar is. Now, if the court said it's barred by Dixon, are you suggesting that we go behind that state court ruling and say that the state court improperly applied Dixon in that case? If you actually reviewed de novo, whether there's in fact a procedural bar, and here you reviewed de novo, whether there was a Dixon bar, the state law on what a Dixon bar is binds you. But whether there was a Dixon bar and those requirements were satisfied in a particular case, you're not bound, otherwise you'd never review a procedural bar. Did you make this argument in your brief that we go behind the Dixon ruling and determine that it doesn't apply because the contemporaneous objection rule negated that? I just don't remember that argument in your brief. I cite an authority that says you reviewed de novo, whether there's a procedural bar. But then you point me to the part in your brief where you make this precise argument that the court of appeal incorrectly applied the Dixon bar because the Dixon bar, because of the contemporaneous objection rule, precluded application of that bar. I just don't recall seeing that. That would be, I believe I'm making that argument, Your Honor, in pages 36 to 37 of the opening brief. I don't argue. The way I phrase it is. No, that's not the argument you made. I don't see where you talk about the. . . Oh, I see what you're talking about. The issue couldn't have been based on. . . No, it's not an open objection. Right. And that's a, I think. . . Isn't that. . . Isn't that a. . . Isn't that consistent with counsel, kind of? Well, actually, I don't think it is, Your Honor, because if the state, if the last recent decision did not rely on the contemporaneous objection bar, then it doesn't matter why there wasn't a contemporaneous objection because the state didn't rely on that procedural bar. The state relied on the Dixon bar, and the Dixon bar doesn't apply. And you can't. . . Now, the government, the state, and the district court wanted to look through the citation of the Dixon bar to the state security court ruling way back on the motion for a new trial where it cited the contemporaneous objection rule, but it's clear under Barker v. Fleming and Curiel v. Miller that you can't do that. So I don't think. . . But there is, Your Honor, if for some reason you found that you could look to the contemporaneous objection bar or the Dixon bar, then you get to the ineffective assistance of counsel issue of the trial attorney not making the contemporaneous objection. But what I'm suggesting is if the state last recent decision didn't rely on the contemporaneous objection bar, you don't even need to get there. Do you have a case from the Ninth Circuit where we have addressed your argument and accepted the argument that the Dixon bar is not recognized as an appropriate procedural bar where an objection was not made? Do you have a case that supports your argument? No, for the Dixon. . . For the Ninth Circuit, where we have accepted this argument. If the Dixon bar doesn't apply because the appeal issue was preluded by the contemporaneous objection bar. . . I haven't found a case specifically addressing that, Your Honor. I just made the argument based on the legal analysis that I presented in my briefing. I don't know of a case that specifically addresses that issue. Again, in two minutes, I think the substantive issue underlying about why there is a violation of the constitutional right if you get past the bar is pretty strong. There is the Juror 9 Ineffective Assistance Counsel Issue also. I'll submit other briefs on that, so I have a little bit of time left for rebuttal. Melissa, the court has a question. Did you make those arguments that you're making here today about the Dixon bar, did you make those before the District Court? Well, I was a counsel in the District Court. Did you collectively make those? My clients, the government claims I can't make this argument I'm making now because it's sort of a different attack on the Dixon bar. It is a different type of attack on the Dixon bar. This precise argument that you're making was not made in the District Court? Argument, yes. The claim was made, and I cited a number of cases. There's two reasons that it shouldn't bar me from making the argument here. Generally, we like to review issues that have been passed upon by the District Court. Right, but the issue was passed upon. There's lots of cases from this court distinguishing between arguments and claims. I understand that. And please remember you're also dealing with a pro se plaintiff, and that raises issues that I cited in my brief. Thank you, counsel. Thank you. Good morning. May it please the Court, Justin Riley on behalf of the Court. The absence of circuit authority for the proposition that you can't go behind the Dixon bar when a substantive issue has been forfeited at trial is understandable because that's an incorrect reading of Dixon. I agree with, as I see the indication that this Court can't look behind a Dixon bar, not legally anyway. Sometimes factually, for example, if the Court imposes a Dixon bar to a claim that actually was raised on direct appeal. Factually, it was incorrect. This Court can look to that and see if the Dixon bar actually was imposed. Factually, we don't have a problem in this case. The substantive claim with juror number three's bias was not raised on direct appeal. And when the State Court of Appeal on collateral review found those facts to be true and imposed the Dixon bar, that made it legally ironclad for this Court to review because this Court can't interpret Dixon differently than the State Court did. Does that refer only to juror number three, or does it also apply to juror number nine? Juror number nine is here on an ineffective assistance of counsel claim. And I believe that the first part of my argument in my abilities brief showed that the district court improperly found that the ineffective assistance of counsel claim derivative of juror number nine was barred by Dixon. Dixon doesn't apply usually to ineffective assistance of counsel claims. In this case, that ineffective assistance of counsel claim was actually brought on direct appeal. The ruling by the State Court of Appeal on collateral review finding claims to be Dixon bar did not specifically tie the Dixon bar to the ineffective assistance of counsel claim. The State Court of Appeal on collateral review tied the Dixon bar to juror number three's misconduct and prosecutorial misconduct. And that's why I say that the juror number three claim is Dixon. So assuming we agree with you on juror number three, does that mean that juror number nine is still before us? My argument was that it's the ineffective assistance of counsel claim for failing to move to dismiss juror number nine. My argument is that issue wasn't certified, but I'm prepared to address the merits. And I think the merits can be disposed of rather quickly on the juror number nine issue as it pertains to ineffective assistance of counsel and, Your Honors, what it refers to. Excerpts of record at 164. It is a declaration, it's a two-page, actually three-page declaration from trial counsel in which the State Court of Appeal on collateral review asked trial counsel to respond to the ineffective assistance of counsel claim based on juror number nine. In that declaration, Craig Collins, the trial counsel, says, I talked to, in the first paragraph, about the middle of the way through, I asked Mr. Aguilar if he felt that since juror number nine had gang ties, would she be more apt to acquit as the reputation of gangs is to stay out of prosecution or court proceedings. In other words, I asked if this juror would simply decline to convict based on her knowledge of gang culture. Mr. Aguilar and I discussed this, and we decided to leave her on the panel at that point as a strategic decision. It's dispositive of the claim under any standard. Later, the petitioner would like to challenge juror number nine and subsequently his trial counsel's actions with regard to juror number nine and say that all of his effective assistance to counsel would leave her on the jury, but it was a strategic decision discussed by the petitioner. That said, this court is inclined to certify the issue on the juror number three issue. The Dixie Bar was imposed, and not that this court can interpret Dixon differently than the state court did, but I cited to footnote four in Ray Seaton. In that footnote, the California Supreme Court explains what the Dixon Bar is. Now, the petitioner excerpts that footnote but does not read the whole thing, and in not reading the whole footnote, loses the context of how the Dixon Bar is imposed in California. In that footnote, the California Supreme Court says it's, when we apply the Dixon Bar, we need not engage in the sometimes complex and time-consuming task of determining separately whether a claim was forfeited at trial. That means when the state courts are imposing Dixon, they are not declaring that a substantive claim was cognizable on a direct appeal. This is in Ray Seaton. It's in footnote four. I cited it in my appellee's brief. I cite it in Ray Seaton at page 26 of the appellee's brief. Page 26? Of my appellee's brief, yes. In footnote four of the appeal today? Footnote four of the appeal, and it's rather short. It's just one paragraph, and it explains in detail just how the California Supreme Court has declared that state courts impose the Dixon Bar specifically with regard to the question of whether or not the substantive claim was preserved at trial. In other words, it doesn't matter. If the claim was preserved at trial, you should have brought this on direct appeal. If it wasn't preserved at trial, then your only remedy was to bring it on direct appeal. Dixon applies in either event. It encompasses trial-level forfeiture. I'd love to answer any other questions the court may have. I've addressed it. I see it appears there. I knew it. Thank you very much. I'm prepared to submit it. Thank you, Gil.  The footnote is quoted in full as in my reply brief. The case is four to five. I would submit the language I quoted establishes that Seton establishes what I'm saying. Seton refers to claims that are fully cognizable on appeal. The Dixon Bar applying to claims that are fully cognizable on appeal insofar as it or they were preserved at trial. And the footnote is quoted in full. In my reply brief, the case is four to five. It was not quoted in full. Well, I'm looking at the actual case in the footnote, so tell me what language in the footnote you need to support your argument. Your Honor, it's the language referring to the Dixon Bar. What we mean when we invoke the Dixon Bar is that the claim is based on the appellate record and thus was fully cognizable on appeal insofar as it was preserved at trial. But what do you do if the language precedes that? Well, it says we do not decide whether the claim is also barred because it's presented at an objective trial. What they're saying is sometimes they use a Dixon Bar and don't use the contemporaneous objection bar, just as they did here. But if the contemporaneous objection bar makes the Dixon Bar inapplicable, then the Dixon Bar is inapplicable. There are cases, I cite several district court cases, that quote state denials of habeas petitions. State courts often do cite both Seaton and Dixon, or just Seaton or just Dixon. So counsel, the final sentence of that footnote says, we need not engage in a sometimes complex and time consuming task of determining separately whether a claim was forfeited at trial by faith to object before concluding under Dixon that the proper means, if any, of obtaining review of the claim was by direct appeal. Why should we go behind that sentence and conduct the complex and time consuming task that you're asking us to conduct? Well, I'm not, it's not a complex, and I'm not asking you to conduct that task. What I'm saying is there was a contemporaneous objection bar here that prevented the issue from being raised on appeal. But it appears to me that's just the kind of question that Supreme Court's telling us that it's not going to conduct, so why should we conduct it? Well, because that's what, I mean, you had it, but that's what affects whether the Dixon Bar applies. I mean, Rogers itself, the Rogers case I cite in the appellate's opening brief, says you can't raise an issue on direct appeal. It's not raisable on direct appeal if there wasn't a contemporaneous objection. I did want to make one point on the juror number nine portion of the excerpt that was read by opposing counsel. This discussion that the trial attorney talks about having, about keeping juror nine on the jury was before it was discovered that she herself was associated with the gang, had all the gang and deceptive tattoos and everything. That was based on the four, if you read that paragraph, it's about what they talked about during Fort Adair. During Fort Adair, what she was claiming was that she had family members who were involved, but she wasn't. So the whole point of the juror nine issue is that she concealed the fact that she herself was associated, or at least that's what an effective attorney might have shown, and that's what we don't want an evidentiary hearing on. An effective attorney would have gotten invisible evidence, put people on the stand, removed the head, the hearsay, and the scene would have been established. Thank you, counsel. Thank you, counsel. The case to be argued is submitted for decision by the court.
judges: O'scannlain, Rawlinson, Ezra